UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. _____

LUIS BARRIOS,

    Plaintiff,

v.

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINES,
a Panamanian Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LUIS BARRIOS (hereinafter "Plaintiff"), sues Defendant, CARNIVAL CORPORATION (hereinafter "Defendant"), and alleges:

## PRELIMINARY ALLEGATIONS

1. Plaintiff, LUIS BARRIOS, is a citizen and resident of Phoenix, Arizona.

2. Defendant, CARNIVAL CORPORATION, is a foreign entity with its principal place of business in Miami, Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 USC §1332 and involves diversity of citizenship under 28 USC §1332.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in, or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;
    b. Was engaged in substantial and not isolated activity within this state;
    c. Purposefully availed itself of the benefits of conducting activities within Florida by purposefully directing its activities in and toward the state, thus obtaining the benefits and protections of the state's laws;
    d. Committed one or more of the acts stated in Fla.Stat. §§48.081, 48.181, or 48.193;
    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;
    f. Operated vessels in the waters of this state;
    g. Defendant was engaged in the business of providing to the public and Plaintiff in particular, for compensation, vacation cruises aboard CARNIVAL INSPIRATION.

5.  Defendant is subject to the jurisdiction of the courts of this state.

6.  The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7.  At all times material, Defendant owned, operated, managed, maintained, and/or controlled CARNIVAL INSPIRATION.

8.  At all times material hereto, Defendant had exclusive custody and control of CARNIVAL INSPIRATION.

9.  On or about February 26, 2018, Plaintiff was a fare-paying passenger aboard CARNIVAL INSPIRATION which was in navigable waters.

10. On or about February 26, 2018, shortly after boarding the ship and while still entirely unfamiliar with the ship, Plaintiff and his travel companion, Patrick Brewer, were directed to the aft end of the ship by an employee of Defendant for the mandatory muster drill. Plaintiff and Mr. Brewer found their way to a crowded theater where the muster drill they were directed to was taking place, where other employees of Defendant directed all of the gathered passengers, including Plaintiff, to come forward and present and/or scan their identification badges. Thereafter, another of Defendant's employees announced that some passengers were at the wrong muster station and Plaintiff and Mr. Brewer's names were called and they were advised that they needed to **"immediately"** proceed to another muster station. As Mr. Brewer, who is disabled secondary to a prior stroke, suffers from impaired mobility, Plaintiff inquired whether they could remain in the theater, but instead Defendant's employee, Melissa, demanded that they *"***Hurry up; Hurry Up***"* and come with her.

11. Defendant's employee, Melissa, then led Plaintiff and Mr. Brewer to a set of stairs while she held/pulled Mr. Brewer by the arm. Contemporaneously, in an effort to assist Mr. Brewer, Plaintiff was holding his arm with Plaintiff's left arm. As a result of Melissa's rushing

and pulling Mr. Brewer, Mr. Brewer fell on the stairs and, as Plaintiff was holding Mr. Brewer's arm, Plaintiff was also caused to fall onto the stairs.  Even after observing both of them fall, Melissa did nothing to assist either of them up and simply kept demanding that they **"Hurry."**

12. Other passengers on Defendant's ships have previously been injured under similar circumstances where Defendant failed to exercise reasonable care to properly marshal passengers and has failed to properly conduct muster drills and crowd control.

13. As a consequence, Plaintiff sustained injury to his spine, left leg, and left knee necessitated medical care in the ship's Medical Department and continued medical care at home.

14. As a consequence, Plaintiff was ultimately diagnosed with a spine injury and has undergone spine surgery.

15. All conditions precedent to the maintenance of this action have been performed, or, alternatively, have been waived.

## **COUNT I – NEGLIGENCE**

Plaintiff realleges, adopts, and incorporates by reference the allegations in Paragraphs one (1) through fifteen (15) as though fully alleged herein.

16. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances. *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406 (1959); *Everett v. Carnival Cruise Lines, Inc.,* 912 F.2d 1355 (11th Cir. 1990); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989).

17. On or about February 26, 2018, Defendant, and/or its agents, employees, and/or servants breached its/their duty to provide Plaintiff with reasonable care under the circumstances.

18. On or about February 26, 2018, Plaintiff was injured due to the fault and/or negligence of Defendant, and/or its agents, employees, and/or servants as follows:

    a. Failure to exercise reasonable care for Plaintiff's safety; and/or
    b. Failure to properly and non-negligently conduct its muster drills; and/or
    c. Failure to conduct its muster drills in compliance with SOLAS and USCG regulations;

      and/or
- d. Failure to properly and non-negligently escort Plaintiff from one muster drill to another; and/or
- e. Failure to properly undertake crowd control; and/or
- f. Failure to properly train its crewmembers in the proper and safe manner in which to escort passengers; and/or
- g. Failure to properly supervise its crewmembers in the proper and safe manner of escorting passengers; and/or
- h. Failure to properly train its crewmembers in crowd control; and/or
- i. Failure to properly supervise its crewmembers in crowd control; and/or
- j. Failure to comply with safety codes and standards designed and promulgated to reduce the risk of the type of accident suffered by Plaintiff; and/or
- k. Failure to have adequate risk management procedures in place designed to reduce the occurrence of the type of accident suffered by Plaintiff; and/or
- l. Failure to implement available safety and ergonomic standards designed to reduce and/or prevent the type of accident suffered by Plaintiff; and/or
- m. Failure to take steps as a result of prior similar incidents to reduce and/or prevent the type of accident suffered by Plaintiff.

19. Defendant created the foregoing conditions causing Plaintiff's accident.

20. Alternatively, Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

21. The conditions created and/or known to Defendant occurred with sufficient regularity so as to be reasonably foreseeable to Defendant.

22. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities; suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of previously existing conditions; incurred medical expenses in the care and treatment of Plaintiff's injuries; has suffered physical handicap; and has incurred and will incur lost wages and loss of earning capacity. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment for all damages recoverable under the law

against Defendant, interest as permitted by law, and demands a trial by Jury.

DATE:  February 8, 2019

>Respectfully submitted,
>
>**EDUARDO J. HERNANDEZ, LLC**
>*Attorneys for Plaintiff*
>8660 West Flagler Street – Suite 124
>Miami, Florida 33144
>Telephone: (305) 567-0910
>Facsimile: (786) 454-8905
>
>By:   */s/ Eduardo J. Hernandez*
>      EDUARDO J. HERNANDEZ
>      Florida Bar No. 061451
>      ehernandez@ejh-law.com