UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-CIV-20534-MORENO

LUIS BARRIOS,

    Plaintiff,

v.

CARNIVAL CORPORATION
d/b/a CARNIVAL CRUISE LINES,

    Defendant.
_____/

**PLAINTIFF, LUIS BARRIOS',
MOTION TO STRIKE AFFIRMATIVE DEFENSES
AND
<u>MEMORANDUM OF LAW IN SUPPORT THEREOF</u>**

Plaintiff, LUIS BARRIOS ("Plaintiff"), by and through undersigned counsel and pursuant to Rule 12(f) of the Federal Rules of Civil, hereby files this, their Motion to Strike Affirmative Defenses and Memorandum of Law in Support Thereof, and as grounds therefore states as follows:

1.    This matter presents a maritime personal injury action. During a cruise aboard Defendant's CARNIVAL INSPIRATION, Plaintiff was caused to fall on a staircase as a result of the negligence of Defendant's crewmember.

2.    On March 5, 2019, Defendant filed its Answer and Affirmative Defenses. Several of the Affirmative Defenses are not cognizable as a matter of law.

WHEREFORE, Plaintiff, LUIS BARRIOS, respectfully moves the Court for entry of an Order striking Defendant, CARNIVAL CORPORATION's, Affirmative Defense Nos. 2 and 7.[1]

**<u>LOCAL RULE 7.1(A)(3) CERTIFICATION</u>**

Undersigned counsel certifies that he has conferred in writing with counsel for Defendant in an attempt to resolve the issues raised herein; while the Parties were able to tailor the issue,

---

[1] Defendant has agreed to amend Affirmative Defense Nos. 4 and 10.

complete resolution has not been reached.

## MEMORANDUM OF LAW

An affirmative defense "admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matter." *Pujals v. Garcia*, 777 F.Supp.2d 1322, 1327 (S.D.Fla. 2011) (quoting *Royal Palm Sav. Ass'n v. Pine Trace Corp.*, 716 F.Supp. 1416, 1420 (M.D.Fla. 1989) (citations omitted)). An affirmative defense is insufficient as a matter of law if it fails to meet the requirement set out in FRCP 8 by making a short and plain statement of the defense. *Pujals*, 777 F.Supp.2d at 1327 (citing *Mid-Continent Casualty Co. v. Active Drywall, Inc.*, 765 F.Supp.2d 1360 (S.D.Fla. 2011)). While Plaintiff recognizes that there is some disagreement among the Courts on application of the "heightened" pleading requirements for Complaints espoused in *Twombly/Iqbal* to Affirmative Defenses, *see e.g. Romero v. Southern Waste Systems, LLC,* 619 F.Supp.2d 1356 (S.D.Fla. 2009); *Harvey v. Lake Buena Vista Resort, LLC,* 568 F.Supp.2d 1354 (M.D.Fla. 2008), as with a Complaint, although detailed factual allegations may not be required, there must be more than labels, conclusions, and "recycled" defenses. *Pujals,* 777 F.Supp.2d at 1332, *Castillo v. Roche Labs. Inc.,* 2010 WL 3027726, *1 (S.D.Fla. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). An affirmative defense must "give fair notice to the opposing party that there is some plausible, factual basis for the assertion and [may] not simply... suggest some possibility that it might apply to the case." *Castillo,* 2010 WL 3027726 at *3 (internal citation omitted).

Any defense which is insufficient as a matter of law is properly stricken. *Morrison v. Executive Aircraft Refinishing, Inc.,* 434 F.Supp.2d 1314, 1318 (S.D.Fla. 2005). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Id.* (citing *Anchor Hocking Corp. v. Jacksonville Electric Authority*, 419 F. Supp. 992, 1000 (M.D.Fla. 1976)).

Likewise, the Court should strike any defense that "can have no possible bearing upon the subject matter of the litigation." *Pujals,* 777 F.Supp.2d at 1329 (citing *Automated Transaction Corp. v. Bill Me Later, Inc.,* 2010 WL 3419232, *4 (S.D.Fla. 2010). In this vein, it has been held

that the Court "must not tolerate shotgun pleading of affirmative defenses, and should [also] strike vague and ambiguous defenses [that] do not respond to any particular count, allegation, or legal basis of a complaint." *Morrison*, 434 F.Supp.2d at 1318 (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001); *Anderson v. Dist. Board. of Trustees of Central Florida Comm. Coll*, 77 F.3d 364, 367 (11th Cir. 1996)). Consequently, "affirmative defenses that fail to recite more than bare-bones conclusory allegations are legally insufficient and will be stricken." *N.Y. Discount Plus, Inc. v. Scottsdale Insurance. Co.,* 2014 WL 467235, *1 (S.D.Fla. 2014) (citing *Morrison*, 434 F. Supp.2d at 1318). This is "because affirmative defenses are often proven by facts extrinsic to the plaintiff's claim [and] a plaintiff needs to receive fair notice of an affirmative defense as early as possible so that the parties can focus discovery accordingly." *Id.* (citing *American Nat'l Bank v. Fed. Deposit Insurance Corp.*, 710 F.2d 1528, 1537 (11th Cir. 1983)).

**A. This Matter is Governed by General Maritime Law**

The present matter is controlled by general maritime law, as the alleged tort occurred upon navigable waters, and bears a significant relationship to traditional maritime activity. *See Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 93 S.Ct. 493 (1972); *Foremost Ins. Co. v. Richardson,* 457 U.S. 668, 102 S.Ct. 2654 (1982), *reh'g denied,* 459 U.S. 899, 103 S.Ct. 198 (1982); *Sisson v. Ruby,* 497 U.S. 358, 110 S.Ct. 2892 (1990). Furthermore, while the alleged wrong must have a significant relationship to maritime activity, there exists no requirement that the maritime activity be exclusively navigational. *Foremost Ins.,* 102 S.Ct. at 2658. In addition, the law governing suits involving passengers against cruise lines is the general maritime law of the United States. *See generally* THOMAS J. SCHOENBAUM, 1 ADMIRALTY AND MARITIME LAW §3-5 (2nd ed. 1994); *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318 (11th Cir. 1989), *on remand,* 715 F.Supp. 1069 (M.D.Fla. 1989); *Beard v. Norwegian Caribbean Lines,* 900 F.2d 71 (6th Cir. 1990); *see also Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406

(1959); *Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 74 S.Ct. 202 (1953). [2]

**B. Affirmative Defense No. 2 Has No Bearing in This Tort Action**

<u>**Affirmative Defense No. 2**</u>
> For its Second Affirmative Defense, Defendant asserts that the Plaintiff's action is precluded by the limitations, terms and conditions contained in the Plaintiff's ticket/contract for passage.

No portion of Plaintiff's Complaint sounds in contract. To the contrary, Plaintiff's Complaint is simple and to the point – Count I is for "Negligence." This is precisely the type of defense envisioned by this Court in ruling that a defense which "can have no possible bearing upon the subject matter of the litigation" should be stricken. *Pujals v. Garcia*, 777 F.Supp.2d 1322, 1329 (S.D.Fla. 2011) (citing *Automated Transaction Corp. v. Bill Me Later, Inc.,* 2010 WL 3419232, *4 (S.D.Fla. 2010).

As Judge Gayles has recently held in striking an almost identical Affirmative Defense, "Defendant's Affirmative Defense No. [4] is STRICKEN ***as an invalid contractual waiver of liability***. *See Johnson v. Royal Caribbean Cruises, Ltd.,* 499 F.App'x 846, 848-49 (11th Cir. 2011) (citing 46 USC §30509); *Wolf v. Celebrity Cruises, Inc.,* 101 F.Supp.3d 1298, 1306 (S.D.Fla. 2015) (collecting cases)." *Tonelli v. NCL (Bahamas), Ltd.,* Case No. 17-Civ-23313-Gayles (S.D.Fla. June 12, 2018) (citations in original) (emphasis added).

More recently, Judge Ungaro has held:

> Plaintiff moves to strike the second affirmative defense on the grounds that no part of Plaintiff's complaint sounds in contract. Defendant responds that many provisions of the ticket contract apply to Plaintiff's claims. ***Limitations of liability in cruise-ship tickets are not enforceable against negligence claims***. *Johnson v. Royal Caribbean Cruises, Ltd.*, 449 F. App'x 846, 848 (11th Cir. 2011). Although other provisions, like venue, are enforceable, those provisions are irrelevant as to Defendant's liability and therefore cannot serve as affirmative defenses. Accordingly the Court strikes this affirmative defense. (Emphasis added.)

---

[2] Defendant's **Affirmative Defense No. 9** avers that "For its Ninth Affirmative Defense, Defendant alleges this action is controlled by federal maritime law to the exclusion of state law." Plaintiff agrees.

*Iskandar v. Royal Caribbean Cruises, Ltd.,* Case No.18-Civ-23812-Ungaro (S.D.Fla. Nov. 20, 2018) (Order on Plaintiff's Motion to Strike Affirmative Defenses).

C.  **Affirmative Defense No. 7 Averring the Negligence of "Third Parties" Is Not Cognizable Under Maritime Law**

> **Affirmative Defense No. 7**
> For its Seventh Affirmative Defense, Defendant alleges that Plaintiff's injuries, if any, were legally ***caused by the conduct of third parties***, who were not subject to the control, supervision or direction of this Defendant, thereby precluding or diminishing Plaintiff's recovery herein.  (Emphasis added.)

Under maritime law, Defendant is not entitled to have the Jury apportion its fault along with that of non-parties, third-parties, or others **not** parties to the action.  That is, the Florida-law concept of a *"Fabre Defendant"* does not apply under maritime law and, in fact, directly conflicts with and violates general maritime law.

In *Fabre,* the Florida Supreme Court held that apportionment of fault is not limited to "participants" in a lawsuit and that "the only means of determining a party's percentage of fault is to compare that party's percentage of fault to all of the other entities who contributed to the accident, regardless of whether they have been or could have been joined as defendants." *Fabre v. Marin,* 623 So.2d 1182, 1185 (Fla.1993).  General maritime law, in sharp contrast to Florida law, continues to adhere to the doctrine of joint and several liability and a "plaintiff may obtain judgment for the full amount from any and all joint tortfeasors." *Groff v. Chandris, Inc.,* 835 F.Supp. 1408, 1409 (S.D.Fla. 1993); *see also Edmonds v. Compagnie Generale Transatlantique,* 443 U.S. 256, 99 S.Ct. 2753, 2756, *reh'g denied,* 444 U.S. 889, 100 S.Ct. 194 (1979); *The Atlas,* 93 U.S. 302, 315 (1876); *Ebanks v. Great Lakes Dredge & Dock Co.,* 688 F.2d 716 (11th Cir.1982), *cert. denied,* 460 U.S. 1083, 103 S.Ct. 1774 (1983).  It has been held that the doctrine of joint and several liability is so firmly entrenched in maritime law that it may not be changed by a court despite the national move to "comparative fault" as demonstrated by Florida law and *Fabre. See*

*Coats v. Penrod Drilling Corp.,* 61 F.3d 1113 (5th Cir. 1995) (*en banc*).

Faced with the this very issue in a passenger action against a cruise line for injuries sustained ashore in the Cayman Islands where the defendant cruise line sought to have the jury determine the fault of a non-party, the Grand Cayman Port Authority, Judge Moore held:

> Although there do not appear to be any federal cases applying the recent Florida Supreme Court decision in *Fabre* to federal admiralty claims, this Court is guided and persuaded by analogous cases in this Circuit. For example, in *Ebanks v. Great Lakes Dredge & Dock Co.,* plaintiffs were members of the crew of a dredge and barge owned by defendant Great Lakes, their employer. The crewmen were thrown into the water when the barge was overturned by a collision with a tanker; one crew member drowned. The plaintiffs brought suit alleging that Great Lakes had a contractual obligation to follow certain Corps of Engineers safety requirements and brought suit under their employer under the Jones Act, 46 USC §688. The owner of the tanker, Chevron, was not a party to the suit. At the request of Great Lakes, the court asked the jury to make findings as to the degree of liability and causation attributable to Great Lakes and the non-party Chevron. ***The Court of Appeals for the Eleventh Circuit restated general maritime law principles of joint and several liability under which a plaintiff may obtain judgment for the full amount against any and all joint tortfeasors without regard to percentage of fault.*** *Ebanks*, 688 F.2d at 718-19. ***In reversing the district court, the Eleventh Circuit held that it was error to require the jury to allocate fault between the defendant and a non-party.*** *Id*. at 722. The Court explained that the issue of the non-party's liability should have been determined "at a different time and between two live opponents" rather than by plaintiffs and defendant. *Id.; see also Drake Towing Co. v. Meisner Marine Constr. Co.,* 765 F.2d 1060, 1067 (11th Cir. 1995) (approving and following the analysis in *Ebanks*), *reh'g denied,* 773 F.2d 1239 (11th Cir. 1985) (*en banc*).

*Groff,* 835 F.Supp. at 1409-10 (citations in original) (emphasis added).[3]

---

[3] Nothing has changed and the very same rationale applies in the aftermath of *McDermott, Inc. v. AmClyde & River Castings, Ltd.,* 511 U.S. 202, 114 S.Ct. 1461 (1994), where the Supreme Court adopted the "proportionate share" approach to determining the effect of settlement on the rights of a plaintiff against non-settling tortfeasors and on the rights to contribution by non-settling tortfeasors against settling tortfeasors. *Lexington Ins. Co. v.*

DATE: March 22, 2019

        Respectfully submitted,

        **EDUARDO J. HERNANDEZ, LLC**
        *Attorneys for Plaintiff*
        8660 West Flagler Street - Suite 124
        Miami, Florida 33144
        Telephone: (305) 567-0910
        Facsimile: (786) 454-8905

By:    */s/ Eduardo J. Hernandez*
        EDUARDO J. HERNANDEZ
        Florida Bar No. 061451
        ehernandez@ejh-law.com

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on March 22, 2019, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

        /s/ *Eduardo J. Hernandez*
        EDUARDO J. HERNANDEZ
        Florida Bar No.: 061451
        ehernandez@ejh-law.com

---

*Langei, et al.,* Case No. C12-946-TSZ/C12-1829-TSZ (W.D.Wash. June 15, 2015); *Powers v. Bayliner Marine Corp.,* 855 F.Supp. 199 (W.D.Mich. 1994).

EDUARDO J. HERNANDEZ, LLC

## SERVICE LIST

| | |
|---|---|
| **Eduardo J. Hernandez** | **Valentina Tejera** |
| Florida Bar No. 061451 | Florida Bar No. |
| ehernandez@ejh-law.com.com | vtejera@carnival.com |
| EDUARDO J. HERNANDEZ, LLC | CARNIVAL CRUISE LINE |
| 8660 West Flagler Street - Suite 124 | 3655 Northwest 87th Avenue |
| Miami, Florida 33414 | Miami, Florida 33178 |
| Tel.: (305) 567-0910 | Tel.: (305) 406-7556 |
| Fax.: (786) 454-8905 | Fax.: (305) 406-4732 |
| | |
| **Attorneys for Plaintiff** | **Attorneys for Defendant** |