UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 19-20534-CIV-MORENO

LUIS BARRIOS,

        Plaintiff,

vs.

CARNIVAL CORPORATION,

        Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES TWO AND SEVEN

THIS CAUSE came before the Court upon Plaintiff's Motion to Strike Affirmative Defenses **(D.E. 11)**, filed on **March 22, 2019**. The Court has considered the motion, the response in opposition, the reply, and all relevant pleadings. For the reasons outlined below, it is adjudged that Plaintiff's Motion to Strike Affirmative Defenses is GRANTED. Accordingly, the Court strikes affirmative defenses two and seven from Defendant's Answer and Affirmative Defenses.

## I. BACKGROUND

This case, which is brought in admiralty,[1] concerns personal injuries allegedly sustained aboard a cruise ship owned and operated by the Defendant. According to the complaint, on or about February 26, 2018, Plaintiff slipped and fell shortly after boarding the Carnival Inspiration. During a mandatory muster drill, Plaintiff went to the wrong muster station, which resulted in

---

[1] Both Plaintiff and Defendant agree that general maritime law applies to this case. The Court does too. It is well-settled that general maritime law applies to actions arising from alleged torts "committed aboard a ship sailing in navigable waters." *Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320 (11th Cir. 1989); *see also Pope & Talbot, Inc. v. Hawn*, 346 U.S. 406, 409-10 (1953); *Beard v. Norwegian Caribbean Lines*, 900 F.2d 71, 73 (6th Cir. 1990).

Defendant's employee hastily leading him to the correct one. While holding the arm of his travel companion, who in turn was being "held/pulled" by Defendant's employee, Plaintiff fell on the stairs. (D.E. 1 at ¶ 11). As a result, Plaintiff allegedly suffered various injuries, including to the spine, as well as "mental anguish, loss of enjoyment of life, disability," and more. (D.E. 1 at 4).

Nearly one year later, on February 8, 2019, Plaintiff filed a one count complaint for negligence, alleging that his injuries were caused by Defendant's inability "to provide Plaintiff with reasonable care under the circumstances." (D.E. 1 at ¶ 17). In response, Defendant filed an answer, denying liability and asserting various affirmative defenses, two of which Plaintiff now seeks to strike. In its second affirmative defense, Defendant "assert[ed] that the Plaintiff's action is precluded by the limitations, terms and conditions contained in the Plaintiff's ticket/contract for passage." (D.E. 6 at 4). In its seventh, it "allege[d] that Plaintiff's injuries, if any, were legally caused by the conduct of third parties, who were not subject to the control, supervision or direction of this Defendant, thereby precluding or diminishing Plaintiff's recovery herein." (D.E. 6 at 5).

Plaintiff now argues in his motion to strike that the second affirmative defense, based on the ticket contract, is entirely irrelevant to the adjudication of his negligence claim, as those terms and conditions "sound in contract"—not negligence. (D.E. 16 at 3). Defendant responds by noting various provisions of similar ticket contracts that courts have held to apply to negligence claims, including forum selection, time limitations, and class action waiver provisions. Defendant also points to paragraph 12(d) of the instant ticket contract, which explicitly waives liability for all damages for "mental anguish," "loss of enjoyment of life," and more—the same kinds of injuries

for which Plaintiff seeks damages in his complaint.[2] (D.E. 16, Ex. 1 at 11). As for the seventh affirmative defense, Plaintiff argues that under well-settled general maritime law, a fact-finder, when allocating damages, may not apportion fault among tortfeasors. Instead, defendants are held jointly and severally liable, such that a plaintiff may recover the full amount of damages from any one defendant. Defendant again counters, arguing that it does not seek to allocate fault to a non-party in this case. Instead, it seeks to allocate fault to other "potential additional named parties," and, as a more basic matter, to raise the question of causation. (D.E. 16 at 6).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Courts consider striking a pleading to be a "drastic remedy" and so view motions to strike "with disfavor." *Regions Bank v. Commonwealth Land Title Ins. Co.*, No. 11-23257-CIV, 2012 WL 5410609, at *2 (S.D. Fla. Nov. 6, 2012) (quoting *Exhibit Icons, LLC v. XP Cos.*, 609 F. Supp. 2d 1282, 1300 (S.D. Fla. 2009)). For this reason, motions to strike are usually "denied unless the allegations have no possible relation to the controversy." *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *see also In re Se. Banking*

---

[2] Paragraph 12(d) of the instant ticket contract states in full:

> Carnival shall not be liable to the passenger for damages for emotional distress, mental suffering/anguish or psychological injury of any kind under any circumstances, except when such damages were caused by the negligence of Carnival and resulted from the same passenger sustaining physical injury, or having been at risk of physical injury, or when such damages are held to be intentionally inflicted by Carnival.

(D.E. 16, Ex. 1 at 11).

3

*Corp. Sec. & Loan Loss Reserves Litig.*, 147 F. Supp. 2d 1348, 1355 (S.D. Fla. 2001) (similar).

Here, because Plaintiff seeks to strike certain affirmative defenses, the Court will only do so if the defenses are insufficient as a matter of law. *See Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976). "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous; or if it is clearly invalid as a matter of law." *Id.* (citation omitted). More specifically, "[a] motion to strike may be granted with regard to a defense, or parts of a defense, that can have no possible bearing upon the subject matter of the litigation." *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1329 (S.D. Fla. 2011) (quoting *Automated Transaction Corp. v. Bill Me Later, Inc.*, No. 09-61903-CIV, 2010 WL 3419282, at *4 (S.D. Fla. Aug. 27, 2010)).

### III. ANALYSIS

The Court agrees with Plaintiff and readily strikes affirmative defenses two and seven. First, the Court strikes the second defense as the defense has "no possible bearing upon the subject matter of the litigation." *Pujals*, 777 F. Supp. 2d at 1329 (quoting *Automated Transaction Corp.*, 2010 WL 3419282, at *4). Here, Plaintiff is suing for negligence, and Defendant writes, in no unclear terms, that it is not liable to Plaintiff due to the fact that "Plaintiff's action is precluded by the limitations, terms and conditions contained in the Plaintiff's ticket/contract for passage." (D.E. 6 at 4). Both statutory law and case law in this district prohibit such a defense in a negligence action. First, 46 U.S.C. § 30509 is plain and unambiguous: a ship owner "may not include in a regulation or contract a provision limiting—**(A)** the liability of the owner, master, or agent for personal injury or death caused by the negligence or fault of the owner or the owner's employees or agents." 46 U.S.C. § 30509(a)(1)(A). Any such provision, the statute states, is "void." 46

U.S.C. § 30509(a)(2). Thus, Defendant's second defense, which seeks waiver of liability based on the terms of the ticket contract between it and the Plaintiff, is wholly irrelevant and void, as no part of the ticket contract may be used by Defendant to waive liability for negligence.

Recently, this same district applied the same federal statute to strike the same affirmative defense,[3] holding, in relevant part, that "[l]imitations of liability in cruise-ship tickets are not enforceable against negligence claims." *Iskandar v. Royal Caribbean Cruises, Ltd.*, No. 18-cv-23812-UU, 2018 WL 7463362, at *2 (S.D. Fla. Nov. 20, 2018) (citing *Johnson v. Royal Caribbean Cruises, Ltd.*, 449 F. App'x 846, 848 (11th Cir. 2011)).[4] There, like here, the defendant argued that other contractual provisions, like venue, are in fact enforceable and apply to maritime negligence claims. *Id.* While admittedly true, just as this Court reasoned, "those provisions are irrelevant as to Defendant's liability and therefore cannot serve as affirmative defenses." *Id.* In other words, those contractual terms have no bearing on the central question of liability, and instead are, at their essence, procedural devices merely laying the ground rules for the location and timing of a negligence claim. Accordingly, Defendant's pointing to various cases applying ticket contract terms, like forum selection, time limitations, and class action waivers, are irrelevant.

Defendant's other argument, that 46 U.S.C. § 30509(b)(1) does not prohibit "a provision in a contract or in ticket conditions of carriage with a passenger that relieves an owner . . . of a vessel from liability for infliction of emotional distress, mental suffering, or psychological injury" is also unavailing. 46 U.S.C. § 30509(b)(1). While the statute does in fact say that, a more holistic

---

[3] Defendant's second affirmative defense in *Iskandar* similarly stated, "[t]his action is governed by and subject to the terms, limitation, and conditions contained within the contract for passage and the Defendant adopts and incorporates same in its entirety to its answer by reference." *Iskandar*, 2018 WL 7463362, at *1.

[4] By citing to *Johnson*, which in turn relied on 46 U.S.C. § 30509, the district court in *Iskandar* reached its holding by indirectly relying on the statutory provision. *Iskandar*, 2018 WL 7463362, at *2.

reading of the statute reveals a different meaning: that there cannot be waiver of liability for emotional distress, mental suffering, or psychological injuries that are "the result of physical injury to the claimant caused by the negligence or fault of a crewmember or the owner."[5] 46 U.S.C. § 30509(b)(1)(A). Indeed, even the instant ticket contract, which both parties agreed to, recognizes the statute, stating in paragraph 12(d) that Defendant "shall not be liable to the passenger for damages for emotional distress, mental suffering/anguish or psychological injury of any kind under any circumstances, except when such damages were caused by the negligence of Carnival and resulted from the same passenger sustaining physical injury." (D.E. 16, Ex. 1 at 11). The instant case deals precisely with this scenario, as Plaintiff is suing for these very kinds of injuries he allegedly suffered as a result of Defendant's employee causing him to fall.

Affirmative defense number seven is also stricken. In it, Defendant attempts to shift the fault, if any, to third parties: "Defendant alleges that Plaintiff's injuries, if any, were legally caused by the conduct of third parties . . . thereby precluding or diminishing Plaintiff's recovery herein." (D.E. 6 at 5). However, general maritime law does not recognize the concept of a *Fabre* defendant, whereby apportionment of fault is not limited to participants in a lawsuit, and "the only means of determining a party's percentage of fault is to compare the party's percentage of fault to all of the

---

[5] The statute provides, in relevant part:

> **(b) Emotional distress, mental suffering, and psychological injury.—**
> **(1) In general.**—Subsection (a) [forbidding waivers of liability for negligence] does not prohibit a provision in a contract or in ticket conditions of carriage with a passenger that relieves an owner, master, manager, agent, operator, or crewmember of a vessel from liability for infliction of emotional distress, mental suffering, or psychological injury so long as the provision does not limit such liability when the emotional distress, mental suffering, or psychological injury is—
> **(A)** the result of physical injury to the claimant caused by the negligence or fault of a crewmember or the owner, master, manager, agent, or operator . . . .

46 U.S.C. § 30509(b)(1)(A).

other entities who contributed to the accident, regardless of whether they have been or could have been joined as defendants." *Fabre v. Marin*, 623 So. 2d 1182, 1185 (Fla. 1993). Instead, under maritime law, courts adhere to the doctrine of joint and several liability, in which a "plaintiff may obtain judgment for the full amount from any and all tortfeasors." *Groff v. Chandris, Inc.*, 835 F. Supp. 1408, 1409 (S.D. Fla. 1993). Thus, because defense seven is predicated on diminishing Defendant's fault by shifting it to others, the defense runs afoul of maritime law. *See also Ebanks v. Great Lakes Dredge & Dock Co.*, 688 F.2d 716, 718-19 (11th Cir. 1982) (under maritime law, "a plaintiff may 'sue . . . all the wrongdoers, or any of them, at his election; and . . . if he did not contribute to the disaster . . . to judgment in either case for the full amount of his loss'" (alterations in original) (quoting *The Atlas*, 93 U.S. 302, 314 (1876))); *accord Farley v. Magnum Marine Corp., N.V.*, No. 89-0725-CV, 1995 WL 795711, at *6 (11th Cir. 1995).

Defendant attempts to argue that a reading of the defense as one of shifting liability to non-parties is too narrow. It points out that the defense "is inclusive of potential additional named parties," and so would be permissible in the event that additional parties are joined in the case. (D.E. 16 at 6). However, under the doctrine of joint and several liability, it still would not be, as adding parties to the case would not shift or lessen the potential liability of Defendant.[6] Regardless, and in any event, the Court notes that the deadline to join additional parties has come and gone, and none were added. Defendant also argues that the defense should not be stricken as it raises a question of causation. Even if the Court were to agree, Defendant's other affirmative defenses,

---

[6] In this event, Defendant could conceivably file cross-claims and seek contribution from the other named defendants. However, "any allocation of comparative fault among the defendants impacts only their contribution rights with respect to one another. Each defendant remains jointly and severally liable to Plaintiff for the full amount of damages." *Hays v. Foster Wheeler Energy Corp.*, No. 09-81881-CIV-KAM, 2014 WL 12661273, at *1 (S.D. Fla. Sept. 15, 2014).

namely one and eleven, already raise the same question.[7] Thus, defense seven, no matter how viewed, has "no possible bearing upon the subject matter of the litigation." *Pujals*, 777 F. Supp. 2d at 1329 (quoting *Automated Transaction Corp.*, 2010 WL 3419282, at *4).

## IV. CONCLUSION

Based on the foregoing reasons, the Court strikes affirmative defenses two and seven. Both defenses ultimately have no bearing on the merits of the underlying claims. The second defense impermissibly seeks to preclude Plaintiff's ability to bring forth negligence claims by way of contract, which Defendant may not do under federal statute, and the seventh defense seeks to shift the blame to third parties, which Defendant may not do under principles of general maritime law.

DONE AND ORDERED in Chambers at Miami, Florida, this \_\_26\_\_ of April 2019.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[7] Affirmative defense one asserts comparative negligence: "the negligence, actions and/or misconduct of the Plaintiff were the sole and proximate cause of any and all injuries which are alleged in the complaint." (D.E. 6 at 4). Affirmative defense eleven denies any and all liability: "any injury or damage as alleged to have been suffered by the Plaintiff herein is not the proximate result of any negligence of this Defendant." (D.E. 6 at 6).

8